IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **SCOTTY RODRIQUEZ,** | Case No. 3:18 CV 1694 |
| Petitioner, | Judge Pamela A. Barker |
| v. | Magistrate Judge James R. Knepp II |
| **WARDEN JAMES HAVILAND,** | |
| Respondent. | **REPORT AND RECOMMENDATION** |

### INTRODUCTION

*Pro se* Petitioner Scotty Rodriquez ("Petitioner"), a prisoner in state custody, filed a Petition seeking a writ of habeas corpus under 28 U.S.C. § 2254 ("Petition"). (Doc. 1). Respondent James Haviland, Warden of Allen Correctional Institution ("Respondent"), filed a Motion to Dismiss (Doc. 9)[1] and Petitioner filed a Reply (Doc. 11). The district court has jurisdiction over the Petition under § 2254(a). This matter has been referred to the undersigned for a Report and Recommendation pursuant to Local Rule 72.2(b)(2). (Non-document entry dated August 1, 2018). For the reasons discussed below, the undersigned recommends the Petition (Doc. 1) be dismissed.

### PROCEDURAL HISTORY

State Court Conviction

In August 13, 2015, a Defiance County Grand Jury indicted Petitioner on three felony counts of trafficking in cocaine. (Ex. 1, Doc. 9-1, at 4-5). Petitioner pleaded not guilty to each count. (Ex. 2, Doc. 9-1, at 7). On May 19, 2016, Petitioner, through counsel, subsequently

---

1. Respondent filed the State court record with his Motion to Dismiss at Doc. 9-1, covering Exhibits 1-24. He filed a supplemental record at Doc. 13-1, covering Exhibits 25-36.

withdrew his not guilty plea and entered a plea of no contest to each count. (Ex. 3, Doc. 9-1, at 9-12). The trial court accepted Petitioner's no contest pleas and found him guilty as charged. *Id.*

On July 12, 2016, the trial court sentenced Petitioner to an aggregate term of ten years imprisonment. (Ex. 4, Doc. 9-1, at 14).

Direct Appeal

On August 12, 2016, Petitioner, through counsel, filed a notice of appeal to the Ohio Third District Court of Appeals. (Ex. 5, Doc. 9-1, at 17). Petitioner raised four assignments of error:

1. The trial court erred in finding the Appellant guilty as the Appellant never entered a plea in the instant matter.

2. The trial court erred by proceeding to sentence after the State did not adhere to their portion of the plea agreement.

3. The Appellant received ineffective assistance of counsel.

4. The trial court erred by sentencing Appellant to consecutive sentences by failing to engage in the three step analysis required by ORC 2929.14(C) and the supporting case law.

(Ex. 6, Doc. 9-1, at 24-42) (capitalization altered). On November 23, 2016, the State responded in opposition. (Ex. 7, Doc. 9-1, at 73-95). On January 9, 2017, Petitioner filed a motion for leave to file a supplemental brief to add additional assignments of error. (Ex. 8, Doc. 9-1, at 209-10). The appellate court granted the motion (Ex. 9, Doc. 9-1, at 212), and on January 25, 2017, Petitioner, through counsel, added two assignments of error:

1. The trial court erred in finding the Appellant guilty as the Appellant's alleged plea was not made knowingly[,] intelligently and voluntarily pursuant to Crim.R.11 in the instant matter.

2. The Appellant received ineffective assistance of counsel.

(Ex. 10, Doc. 9-1, at 213-22) (capitalization altered). The State filed a supplemental brief in response. (Ex. 11, Doc. 9-1, at 280-87). On April 10, 2017, the Third District Court of Appeals

2

affirmed the judgment of the trial court. (Ex. 14, Doc. 9-1, at 352-66); *State v. Rodriquez*, 2017 WL 1316210 (Ohio Ct. App.).

On August 14, 2017, Petitioner, *pro se*, filed a notice of appeal (Ex. 15, Doc. 9-1, at 368-69), and a motion to file a delayed appeal to the Ohio Supreme Court (Ex. 16, Doc. 9-1, at 370-77). On October 11, 2017, the Ohio Supreme Court denied the motion and dismissed the appeal. (Ex. 17, Doc. 9-1, at 395).

Post-Conviction Proceedings

On September 22, 2017, Petitioner, *pro se*, filed a petition to vacate or set aside sentence raising two assignments of error:

1. The Petitioner's plea of no contest was premised on incorrect legal advice in violation of the 6th Amendment to the U.S. Const., and Art. I, Sec. 10 of the Ohio Const., thereby rendering his counsel ineffective. *See State v. Mikulic* (1996) and *State v. Mays* (2008) and *Strickland v. Washington*, *U.S. v. Cronic*.

2. The Petitioner's plea of no contest was not knowingly, and voluntarily [made] in violation of Due Process under the 14th Amendment of the U.S. Const., and Art. I, Sec. 16 of the Ohio Constitution.

(Ex. 18, Doc. 9-1, at 396-99) (capitalization and punctuation altered). On October 4, 2017, the trial court denied the petition as time-barred. (Ex. 19, Doc. 9-1, at 415-16).

On November 9, 2017, Petitioner filed a notice of appeal (Ex. 32, Doc. 13-1, at 41)[2], and brief in support (Ex. 33, Doc. 13-1, at 44-51) to the Third District Court of Appeals. On April 16,

---

2. In his Motion to Dismiss, Respondent asserted that Petitioner did not appeal his petition for post-conviction relief to the Ohio Third District Court of Appeals. *See* Doc. 9, at 6. In support, Respondent cited to Exhibit 20 – a state court docket sheet. *Id*. A closer examination of Exhibit 20 revealed that Petitioner *did* appeal the trial court's denial of his petition for post-conviction relief. *See* Ex. 20, Doc. 9-1, at 419-20. On April 10, 2019, the Court ordered Respondent to provide these records within 14 days (Doc. 12); Respondent supplied the missing records on April 17, 2019 (Doc. 13-1) (Exhibits 25-36). In response, on May 16, 2019, Petitioner field a Motion for Extension of Time in which to file a Reply to Respondent's Return of Writ. *See* Doc. 14. The Court granted the extension, but explained that he already filed a Reply (at Doc. 11), and ordered Petitioner to

3

2018, the appellate court affirmed the decision of the trial court. (Ex. 35, Doc. 13-1, at 65-70).

Petitioner did not appeal to the Ohio Supreme Court. *See* Ex. 36, Doc. 13-1, at 71-85.

## FEDERAL HABEAS CORPUS

On July 7, 2018, Petitioner timely filed the instant habeas petition. (Doc. 1).[3] In it, Petitioner raises six grounds for relief:

> **GROUND ONE**: The trial court erred in finding the Appellant guilty as Appellant never entered a plea in the instant matter.
>
> **Supporting Facts:** In this case the Petitioner never plead[ed] "no contest" to any of the counts alleged in the indictment. (See plea at p. 10-12). Despite the fact no plea was entered into the trial court incorrectly accepted no contest plea. The trial court is not at liberty to infer pleas of this nature to felony charges. Moreover, the matter should have proceeded to trial.
>
> **GROUND TWO:** Whether the trial court erred by proceeding to sentence after the State did not adhere to their portion of the plea agreement.
>
> **Supporting Facts:** The Petitioner pled no contest to the charges in the indictment, in exchange for the State of Ohio offering no recommended sentence. (See plea at p. 6). The State highlighted the Petitioner's criminal history and recommended an aggregate sentence of twelve (12) years. The State provided the trial court with a plethora of impermissible "disparaging information" in violation of the plea agreement. The State did not adhere to their end of such agreement.
>
> **GROUND THREE:** The Appellant received ineffective assistance of counsel.
>
> **Supporting Facts:** The involuntary nature of Petitioner's plea is completely upon the shoulders of his trial counsel who failed the Petitioner by neglecting to object to the State's blatant disregard for their contractual obligation not to recommend a sentence. But for the trial counsel's failure to do so, he would have likely withdrawn his guilty plea and proceeded to trial.

---

limit his response to issues raised by Respondent's supplemental filing. *See* Non-document entry dated May 17, 2019. Petitioner did not file such a response by the extended deadline.

3. Pursuant to the prison mailbox rule, a *pro se* prisoner's pleading "is deemed filed when the inmate gives the document to prison officials to be mailed." *In re: Prison Litig. Reform Act*, 105 F.3d 1131, 1132 (6th Cir. 1997) (citing *Houston v. Lack*, 487 U.S. 266, 270 (1988)). *See* Doc. 1, at 25 (representing that Petition was placed in the prison mailing system on July 7, 2018).

**GROUND FOUR:** The trial court erred by sentencing Petitioner to multiple consecutive sentences by failing to engage in the three step analysis required by ORC 2929.14(C) and supporting case law.

**Supporting Facts:** The trial court sentenced Petitioner to a total of ten years of prison. Moreover, it sentenced him to five mandatory years of prison on both 1st degree felony charges to be run consecutively to one another, [and] 36 months on the 3rd degree felony to be run concurrent[ly]. (See sentencing at p. 12). The trial court did not adhere to the necessary provisions of ORC 2929.14(C)(4). (See also sentencing p. 13).

**GROUND FIVE:** The trial court erred in finding the Petitioner guilty as the Petitioner's alleged plea was not made knowingly[,] intelligently and voluntarily pursuant to Crim.R.11 in the instant matter.

**Supporting Facts:** The Petitioner could not properly enter any plea knowingly, intelligently and voluntarily, pursuant to Crim.R.11, without the knowledge of the actual amount of cocaine involved in each count[] of the indictment. Without knowing the amount of cocaine, he was unable to intelligently make the decision to plea[d] to two felonies of the first degree and thereby subject himself to a mandatory prison sentence.

**GROUND SIX:** The Petitioner received ineffective assistance of counsel when trial counsel failed to properly advise and defend him without knowledge of critical evidence.

**Supporting Facts**: The Petitioner's trial counsel was ineffective because he never raised the issue of actual amounts of cocaine, failed to obtain from the prosecuting attorney a scientific lab test or report as to the amount of cocaine actually involved in the alleged crime, failed to obtain on his own in defense of the Petitioner, a scientific lab test or report as to the amount of cocaine actually involved, advised and permitted him to plead no contest without any evidence in Counts 1, 2, [and] 3. The State would not have been able to prove the charges against him without an expert report as to the weight of the cocaine. Additionally, failing to advise him to go to trial on all counts [and] object to the trial court finding of guilt.

(Doc. 1, at 5-15) (capitalization altered).

## STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "dictates a highly deferential standard for evaluating state-court rulings which demands that state-court decisions be given the benefit of the doubt." *Bell v. Cone*, 543 U.S. 447, 455 (2005) (internal citation and

5

quotation omitted). An application for habeas corpus cannot be granted for a person in custody pursuant to a state conviction unless the adjudication "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the State court proceedings." 28 U.S.C. § 2254(d). Thus, a court may grant habeas relief if the state court arrives at a conclusion that is contrary to a decision of the Supreme Court on a question of law, or if the state court decides a case differently than did the Supreme Court on a materially indistinguishable set of facts. *Williams v. Taylor*, 529 U.S. 362, 405 (2000). Finally, there are many procedural requirements a petitioner must satisfy to present a claim to a federal habeas court. These will be discussed in greater detail below.

## DISCUSSION

Respondent brings a Motion to Dismiss the Petition, alleging that all of Petitioner's grounds are procedurally defaulted. (Doc. 9). In Reply, Petitioner concedes the default, but asserts that he can overcome it though a showing of cause and prejudice. (Doc. 11). For the reasons discussed below, the undersigned recommends the Petition (Doc. 1), be dismissed.

Procedural Default

To seek a writ of habeas corpus in federal court, a petitioner must first satisfy the requirements of 28 U.S.C. § 2254(b)(1)(A), which states: "[a]n application for a writ of habeas corpus . . . shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State". Exhaustion requires a petitioner to "fairly present" federal claims "to the state courts, including the state court of appeals and the state supreme court." *Bray v. Andrews*, 640 F.3d 731, 734–35 (6th Cir. 2011) (citing *Wagner v. Smith*, 581 F.3d 410, 414 (6th

6

Cir. 2009)); *see O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). This is to "alert[] [the state court] to the fact that the prisoner[ ] [is] asserting claims under the United States Constitution." *Duncan v. Henry*, 513 U.S. 364, 365–66 (1995) (internal quotation marks omitted) (citations omitted). To accomplish this, a petitioner must fairly present the substance of his federal constitutional claims to the state courts before habeas relief. *Whiting v. Burt*, 395 F.3d 602, 612 (6th Cir. 2005) (citing *Picard v. Connor*, 404 U.S. 270, 275 (1971)). Hence, a habeas petitioner must present both the factual and legal underpinnings of his claims to the state courts. *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000). If a petitioner has failed to exhaust his state remedies and is barred from raising his claim by state law, his habeas claim is procedurally defaulted. *See O'Sullivan*, 526 U.S. at 848; *Pudelski v. Wilson*, 576 F.3d 595, 605 (6th Cir. 2009).

A petitioner may also procedurally default a claim if he fails "to comply with state procedural rules in presenting his claim to the appropriate state court." *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006). If a petitioner fails to comply with a procedural rule, the state court declines to reach the merits of the issue, and the state procedural rule is an independent and adequate grounds for precluding relief, the claim is procedurally defaulted. *Id.*; *see Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986). Finally, in order to avoid default, the petitioner must demonstrate that there was "cause" for him to neglect the procedural rule, and that he was actually prejudiced by the alleged constitutional error. *Maupin,* 785 F.2d at 138.

Demonstrating "cause" requires a petitioner to "show that 'some objective factor external to the defense' prevented the petitioner's compliance with a state procedural rule." *Bonilla v. Hurley,* 370 F.3d 494, 498 (6th Cir. 2004) (quoting *Murray v. Carrier,* 477 U.S. 478, 488 (1986)). Demonstrating prejudice requires a petitioner to show "not merely that the errors at his trial created a *possibility* of prejudice, but that they worked to his actual and substantial disadvantage, infecting

7

his entire trial with error of constitutional dimensions." *U.S. v. Frady,* 456 U.S. 152, 170 (1982) (emphasis in original).

Here, Petitioner presented all six habeas grounds for relief on direct appeal to the Ohio Third District Court of Appeals. *See* Ex. 7, Doc. 9-1, at 83-95; *see also* Ex. 10, Doc. 9-1, at 216-21 (supplemental brief). On April 10, 2017, the court of appeals affirmed the decision of the trial court. (Ex. 14, Doc. 9-1, at 352-66); *Rodriquez*, 2017 WL 1316210. On August 14, 2017, Petitioner filed an *untimely* notice of appeal to the Ohio Supreme Court (Ex. 15, Doc. 9-1, at 368-69), and a motion for leave to file a delayed appeal (Ex. 16, Doc. 9-1, at 371-73). On October 11, 2017, the Ohio Supreme Court denied Petitioner's motion for leave to file a delayed appeal. (Ex. 17, Doc. 9-1, at 395).

Because Petitioner did not present these claims to Ohio's highest court, he did not properly exhaust them. 28 U.S.C. § 2254(b)(1)(A). Moreover, these grounds are procedurally defaulted because Petitioner failed "to comply with state procedural rules in presenting his claim to the appropriate state court." *Williams*, 460 F.3d at 806. It is well established that the denial of a motion for leave to file a delayed appeal to the Ohio Supreme Court – the default at issue here – constitutes an adequate and independent state procedural ground on which to bar habeas review. *Smith v. Ohio Dep't of Rehab. & Corr.*, 463 F.3d 426, 432 (6th Cir. 2006); *Bonilla*, 370 F.3d at 497. Thus, the Court may only consider these claims if Petitioner can show cause and prejudice to overcome the default.

*Cause and Prejudice*

In Reply, Petitioner concedes his procedural default, but asserts he can overcome it by a showing of cause and prejudice. (Doc. 11, at 3). However, as "cause" to overcome the default, Petitioner only argues the underlying merits of his claims. *Id.* at 5-8. Petitioner does not set forth

8

any new evidence to suggest actual innocence enough to make a "colorable showing of factual innocence" *McCleskey v. Zant*, 499 U.S. 467, 495 (1991), and Petitioner does not argue he was prejudiced in any way other than that which makes up the substance of his underlying habeas claims. In looking back to Petitioner's delayed appeal motion to the Ohio Supreme Court, Petitioner asserted he was unable to file a timely appeal due to limited law library and computer access. *See* Ex. 16, Doc. 9-1, at 372. However, even allowing this excuse into the case at bar, Petitioner still falls short. This is so primarily because limited law library access is insufficient to establish cause to excuse a procedural default. *Bonilla,* 370 F.3d at 498. As he stated, Petitioner had access to the law library, just not as often as he would have liked. ( Ex. 16, Doc. 9-1, at 372). This is insufficient to establish cause. *Id*. For these reasons, the undersigned finds Petitioner has failed to establish cause and prejudice overcome his procedural default here.

A procedural default will also be excused if the petitioner demonstrates that not excusing the default "will result in a fundamental miscarriage of justice." *Coleman v. Thompson,* 501 U.S. 722, 750 (1991). The Supreme Court has held that such an inquiry requires a petitioner "supplement[ ] a constitutional claim with a 'colorable showing of factual innocence.' " *McCleskey v. Zant*, 499 U.S. 467, 495 (1991) (quoting *Kuhlmann v. Wilson,* 477 U.S. 436, 454 (1986)). Maintaining this exception to the rule against reviewing procedurally defaulted claims serves as "an additional safeguard against compelling an innocent man to suffer an unconstitutional loss of liberty". *Id.* (quoting *Stone v. Powell,* 428 U.S. 465, 492-93 (1976)). "To be credible, such a claim [of actual innocence] requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). Here, although Petitioner uses the words "fundamental miscarriage of justice" (Doc. 11,

9

at 8), he presents no developed argument, nor any "new reliable evidence" of innocence. *Schlup*, 513 U.S. at 324.

    *Post-Conviction Proceedings*

In his petition for post-conviction relief, Petitioner attempted to resurrect the ineffective assistance of trial counsel issue now contained in Ground Three, and the plea voluntariness issue now in Ground Five. *See* Ex. 18, Doc. 9-1, at 397-98. Assuming, *arguendo*, these claims could have been properly raised in a post-conviction petition, they are still procedurally defaulted.

First, the trial court denied the petition because it was untimely and, alternatively, found the issues barred by *res judicata* because they were raised on direct appeal. (Ex. 19, Doc. 9-1, at 415-16). The Third District Court of Appeals upheld the trial court's decision dismissing the petition as untimely, but did not reach the alternative *res judicata* holding. (Ex. 35, Doc. 13-1, at 65-70). As the appellate court held, under the Ohio Revised Code, Petitioner had 365 days after the filing date of his transcripts to file a petition for post-conviction relief. *Id.*; *see also* O.R.C. § 2953.21(A)(2). The appellate court held the trial court did not abuse its discretion when it declined to hear the untimely petition. (Ex. 35, Doc. 13-1, at 68-69). Timeliness is an adequate and independent ground upon which a state may foreclose review. *See Sutton v. Carpenter*, 745 F.3d 787, 790 (6th Cir. 2014) ("[W]e will normally not consider a petitioner's constitutional claim when his conviction rests on a state court's independent determination that the defendant failed to raise an argument at the time or place required by the state's procedural law.") (citing *Trevino v. Thaler*, 569 U.S. 413, 421 (2013)). Further, even if the claims were made in a timely manner, Petitioner committed a second default by failing to present the issues, as mentioned above, to the Ohio Supreme Court to preserve them for habeas review. *Caver v. Straub,* 349 F.3d 340, 346 (6th Cir.

10

2003); *O'Sullivan,* 526 U.S. at 845; *see* Ex. 24, Doc. 9-1 (State court docket). Thus, the undersigned finds Grounds Three and Five are procedurally defaulted on this avenue as well.

## CONCLUSION AND RECOMMENDATION

Following review, and for the reasons stated above, the Court recommends the Petition be dismissed.

s/ James R. Knepp II<br>
United States Magistrate Judge

*ANY OBJECTIONS* to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of service of this notice. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).